per curiam:
As fleshed out in his petition and motion for summary judgment, plaintiffs pro se claim for $286.58 is this: A radio disturbance affected his use of some unspecified radio or electronic device of his; the commanding officer of Mare Island Shipyard of the Navy was willing to give plaintiff assistance in locating the source of the disturbance and agreed to do so, but a subordinate Navy officer later refused all assistance; plaintiff was required to expend $286.58 for a Radio Frequency Direction Finder *853 Compass and Stand, in order to locate the source of this disturbance. Defendant moves to dismiss.
Plaintiff cites no statutes calling for payment of money to citizens who spend money to detect sources of radio disturbance, and we know of none. However, plaintiff claims that he had a contract implied in fact with the commanding officer of the Mare Island Shipyard to locate the source of the disturbance- a contract which was breached by the subordinate. But the facts plaintiff states are not sufficient, without more, to found any such implied contract. Nothing further is stated than a gratuitous ex parte offer to help, an offer which was not legally binding on the Government in any way. In order to invoke this court’s jurisdiction over implied contracts, a plaintiff must at least spell out the specific allegations that disclose a legal contract obligation. See Rule 35(d); Lewis v. United States, 229 Ct. Cl. 577 (1981). Here we have nothing to show that a legally obligatory contract was made, rather than a pure goodwill offer of assistance. There is, for instance, no showing of any consideration given by plaintiff, any indication that the Government intended to make a binding agreement, or any reason why the Government should make a binding contract. In short, both the petition and the motion for summary judgment fail to state any legal claim within this court’s jurisdiction.
Defendant’s motion to dismiss is granted, plaintiffs motion for summary judgment is denied, and the petition is dismissed.